```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA,          :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :   Case No. 1:09-CV-122
                                   :
WILLIAM B. WEEKS, M.D.,            :
                                   :
        Defendant.                 :
_____    :

                       RULING ON MOTION FOR STAY
                              (Paper 3)

I.  Introduction

    The government brings this action against defendant Dr. William Weeks arising out of Dr. Weeks' participation in contracts between the Department of Veterans Affairs (VA) and the Trustees of Dartmouth College (Dartmouth).  The government also initiated a criminal action against Dr. Weeks the same day.  Eleven days after filing this action, the government requested the Court stay it during the pendency of the criminal case.[1]  (Paper 3.)  Dr. Weeks opposes the government's request.  (Paper 4.)  For the following reasons, the government's request is denied.

---

    [1] The government's paper is titled "Application by United States for a Stay of the Civil Proceedings."  (Paper 3.)  Under the local rules of this Court, a motion is not considered unless it contains the word "motion" in the title.  L.R. 7.1.  In the interests of expediency, the Court will treat the paper as a motion.

                                   1

II. Background

On May 8, 2009, the government filed an information and a civil complaint against Dr. Weeks. See Dkt. Nos. 1:09-cr-51, 1:09-cv-122. The civil complaint alleges Dr. Weeks violated conflict of interest statutes, 18 U.S.C. §§ 208-209, 216, and the False Claims Act, 31 U.S.C. § 3729, and breached a fiduciary duty. (Paper 1.) The alleged violations stem from his participation in five contracts between the VA and Dartmouth in which he allegedly had a financial interest or an imputed financial interest. Id. The government also asserts he presented or caused to be presented false or fraudulent claims for payment to the United States. Id. The criminal information charges five misdemeanor counts of violating federal conflict of interest laws, 18 U.S.C. §§ 208(a), 216(a)(1), arising from the same alleged participation in the VA-Dartmouth contracts. Paper 1, Dkt. No. 09-cr-51 (May 8, 2009).

III. Discussion

Federal courts have discretionary authority to stay all or part of a civil proceeding pending the completion of a parallel criminal prosecution. Motorola, Inc. v. Abeckaser, No. 07-CV-3963, 2009 WL 816343, at *1 (E.D.N.Y. Mar. 26, 2009) (citing United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). Staying a civil case is an extraordinary remedy. Jackson v. Johnson, 985 F. Supp. 422, 424 (S.D.N.Y. 1997). The party moving for a

2

stay, here the government, "bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 708 (1997).

To determine whether a stay of a civil case pending the outcome of a related criminal case is warranted, courts consider such factors as:  "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case . . . ; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant[]; (5) the interest[] of the court[]; and (6) the public interest."  Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (internal citations omitted).  "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."  Id. (internal quotation and citation omitted).  The basic goal in deciding whether to issue a stay is to avoid prejudice.  Bardin v. Potter, No. 2:07-CV-212, 2008 WL 794464, at *2 (D. Vt. Mar. 24, 2008) (internal citation omitted).

The civil and criminal cases arise from the same set of facts -- Dr. Weeks' participation in contracts between the VA and Dartmouth -- but the civil complaint alleges violations of the False Claims Act and breach of fiduciary duty as well as

violations of conflict of interest law.  Because the alleged wrongful conduct in the actions is the same, evidence from the criminal action could alter Dr. Weeks' liability in this civil action.  Courts faced with this situation have found this factor to tip in favor of the proponent of the stay, but in those cases, unlike here, the proponent was the defendant.  <u>See</u> <u>Motorola</u>, 2009 WL 816343, at *2; <u>Hicks</u>, 268 F. Supp. 2d at 242.  Accordingly, the Court finds this factor to weigh only slightly in the government's favor.

Courts generally stay a civil proceeding if an indictment has been issued, but where no indictment has issued <u>against the stay proponent</u>, courts generally deny a stay.  This generality is based on considerations of prejudice to the defendant such as undermining a criminal defendant's Fifth Amendment privilege against self-incrimination or exposing the defense theory.  <u>See</u> <u>Hicks</u>, 268 F. Supp. 2d at 242 (internal citation omitted).  An indictment has not been issued but the government has filed an information.  <u>See</u> Paper 1, Dkt. No. 09-cr-51 (May 8, 2009).  Despite the information, the considerations underlying this factor are not implicated because the defendant is <u>not</u> seeking the stay.  The Court finds this factor to weigh in Dr. Weeks' favor.

The last four factors courts consider are the interests of the parties, court, and public.  Dr. Weeks, the defendant, argues

4

he will be prejudiced by delay in this case because he seeks to clear his name as expeditiously as possible.  Because Dr. Weeks opposes the stay, he makes no effort to show parallel proceedings would lead to undue prejudice or violate his constitutional rights.  Conversely, it is the government that attempts to show prejudice.  The government has not made a particular showing of potential harm or prejudice to the criminal case or its interests sufficient to persuade the Court a stay is warranted.  The public interest is best served by prompt resolution of litigation and conservation of judicial resources.  Though the government argues a stay will "contribute to judicial economy" because "a criminal conviction will operate as an estoppel" in this action (Paper 3 at 4), Dr. Weeks aptly responds that an acquittal will have no preclusive effect on this action (Paper 4 at 10).  Lastly, a court's interest is usually best served by denying motions to stay.  See Hicks, 268 F. Supp. 2d at 243 (internal citation omitted).  If these actions proceed consecutively, the Court and parties could be dealing with this dispute for years.  The Court has no interest in needless delay in this case.  Accordingly, at least three of the four "interest" factors weigh in Dr. Weeks' favor.

IV. Conclusion

The plaintiff has requested the stay.  Notably, the defendant in both the civil and criminal cases wishes to proceed

expeditiously.  The government has failed to show a compelling reason why it should be excused from prosecuting a civil claim it filed when the defendant has no objection.  The Court is not persuaded to invoke the extraordinary remedy of a stay.  The government is free to move for a protective order in the event compliance with particular discovery requests in this case will prejudice the criminal prosecution.

For the reasons set forth above, the government's request for an order staying this case (Paper 3) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 31st day of July, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge